UNITED STATES FIRE INSURANCE COMPANY d/b/a Crum & Forster Commercial Insurance, Petitioner,

v.

Essie D. WILLIAMS, Respondent.

No. 96–0237.

Supreme Court of Texas.

July 9, 1997.

Rehearing Overruled Dec. 12, 1997.

Greg K. Winslett, James K. Peden, III, William Lance Lewis, Dallas, for petitioner.

Richard G. Danner, Jr., Bruce E. Longenecker, Michael Sheppard Sands, Dallas, for respondent.

PER CURIAM.

In this case, Essie D. Williams sued United States Fire Insurance Company d/b/a Crum & Forster Commercial Insurance ("U.S.Fire") for breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices—Consumer Protection Act and the Texas Insurance Code, and intentional infliction of emotional distress. The trial court granted U.S. Fire's motion for summary judgment. The court of appeals affirmed the summary judgment in part, but reversed the judgment on Essie Williams's claim for breach of the duty of good faith and fair dealing. 915 S.W.2d 39. We reverse the judgment of the court of appeals on the bad faith claim and render judgment for U.S. Fire.

In 1992, Nathaniel Williams died in an automobile accident while working for JRJ Paving, Inc. JRJ Paving had a worker's compensation insurance policy with U.S. Fire that provided accidental death benefits to beneficiaries of employees killed while in the

course and scope of their employment. The injury report that U.S. Fire received from JRJ Paving identified Nathaniel's spouse as "Lessie." U.S. Fire later learned that another woman, Essie Williams, the respondent here, claimed benefits as Nathaniel's wife.

U.S. Fire then took recorded statements of Essie Williams and Lessie Voyd. The statements showed that Essie and Nathaniel married in 1957. They separated in 1978, but never divorced. Essie's statement indicated that the couple had planned to divorce, but never got around to it. Nathaniel had lived with Lessie continuously since 1978. U.S. Fire determined that Essie was deemed to have abandoned Nathaniel under Worker's Compensation Commission Rule 132.3, and was therefore not entitled to benefits. Rule 132.3 provides that

[a] surviving spouse who abandoned the employee, without good cause for more than one year immediately preceding the death, shall be ineligible to receive death benefits. The surviving spouse shall be deemed to have abandoned the employee if the surviving spouse and the employee had not been living in the same household for more than one year preceding the employee's death unless the spouse is:

(1) hospitalized;

(2) in a nursing home; or

(3) living apart due to career choices, military duty, or other reasons where it is established their separation is not due to the pending break-up of the marriage.

28 TEX. ADMIN. CODE § 132.2 (West 1995). U.S. Fire therefore began paying weekly benefits to Lessie under the policy.

Almost a year later, Essie filed a claim for benefits with the Worker's Compensation Commission. A short time later, a Benefit Review Conference was held. The BRC officer concluded that Essie was not entitled to benefits under Rule 132.3, essentially agreeing with U.S. Fire's interpretation of the regulation. Later, a contested case hearing was held; the hearing officer likewise concluded that Essie was not entitled to benefits. Essie then appealed to the highest administrative level, the Appeals Panel. In a split decision, the Appeals Panel reversed the contested case hearing decision. The dissenting panel member also agreed with U.S. Fire's interpretation of the rule. A few months later, Essie filed this lawsuit.

U.S. Fire maintains that the court of appeals erred in reversing and remanding the trial court's judgment on Essie's bad faith claim because the record demonstrates that U.S. Fire was entitled to judgment as a matter of law. We agree.

To be entitled to summary judgment, U.S. Fire was required to establish that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant who moves for summary judgment must conclusively disprove one of the elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). We resolve all doubts against U.S. Fire and view all evidence in the light most favorable to Essie. *Id.* The question before this Court is whether U.S. Fire established as a matter of law that it did not breach its duty of good faith and fair dealing in denying Essie's claim.

■■■ In another opinion issued today, we clarified that an insurer breaches its duty of good faith and fair dealing when the insurer fails to settle a claim if the insurer knew or should have known that it was reasonably clear that the claim was covered. *Universe Life Ins. Co. v. Giles*, 881 S.W.2d 44 (Tex. App.1994). An insurer does not breach its duty merely by erroneously denying a claim. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex.1994). Evidence that only shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith. *National Union Fire Ins. Co. v. Dominguez*, 873 S.W.2d 373, 376–77 (Tex.1994). Thus, U.S. Fire was entitled to summary judgment if its summary judgment proof established that there was no more than a good faith dispute regarding the applicability of Rule 132.3.

U.S. Fire's summary judgment evidence conclusively established that it denied Essie's claim based on its interpretation of Rule 132.3. The court of appeals interpreted Rule

132.3 to impose three separate conditions before a surviving spouse can be denied benefits: (1) the surviving spouse abandoned the employee; (2) without good cause; (3) for more than one year preceding the employee's death. 915 S.W.2d 39. The court agreed that the evidence established that Essie was deemed to have abandoned Nathaniel under the rule. *Id.* Nevertheless, because U.S. Fire never attempted to determine whether good cause for the abandonment existed, the court of appeals concluded that there were fact issues precluding summary judgment. *Id.*

■ An insurer cannot be liable for bad faith simply because it misinterprets a rule. U.S. Fire interpreted Rule 132.3's "good cause" requirement to be met when there had been no marital relationship between the deceased worker and the surviving spouse for more than ten years, so that the spouse was deemed to have abandoned the marriage. U.S. Fire's interpretation of the rule was at least arguable; three of the five Commission reviewing officers shared that interpretation. We also agree that, while U.S. Fire may have erroneously interpreted the rule, its interpretation was certainly not legally groundless.

Accordingly, under Rule 170 of the Texas Rules of Appellate Procedure, this Court, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment for U.S. Fire.