**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-20531

VIRGINIA M. LACY,

Plaintiff - Appellee - Cross-Appellant,

VERSUS

STATE FARM LLOYDS,

Defendant - Appellant - Cross-Appellee.

Appeals from the United States District Court
For the Southern District of Texas

(H-98-CV-1921)

August 13, 2002

Before JOLLY, DUHÉ, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This case presents an insurance coverage dispute. Plaintiff Virginia M. Lacy filed a claim under her homeowner's policy with State Farm Lloyds. State Farm denied the claim. The case went to trial, and the jury found for Lacy and awarded her damages. The

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

district court entered judgment on the verdict.

Based on our review of the briefs, the record excerpts, the arguments of counsel, and the orders of the district court, we are convinced that all rulings and the judgment of the district court are correct and should be affirmed for the reasons that follow.

I.   State Farm's Limitations Argument

Under the State Farm policy, Lacy was required to file suit no later than two years and one day after the accrual of her cause of action.   In this appeal, State Farm essentially challenges the sufficiency of the evidence underlying the jury's finding on the date of accrual.  Generally, review of factual findings underlying a jury verdict is deferential: "Unless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict, the findings of the jury must be upheld."[1]  State Farm, however, did not move for a judgment as a matter of law at the close of the evidence at trial.  And it is well established that challenges to the sufficiency of the evidence must be raised in a Fed.R.Civ.P. 50(a) motion for judgment as a matter of law before submission of the case to the jury.[2]  A party that fails to move for judgment as a matter of law on the basis of insufficient evidence at the conclusion of all of the evidence

---

[1]*Ham Marine, Inc. v. Dresser Indus., Inc.*, 72 F.3d 454, 459 (5th Cir. 1995).

[2]*See U.S. for Use of Wallace v. Flintco Inc.*, 143 F.3d 955, 960 (5th Cir. 1998).

"waives its right to file a renewed post-verdict Rule 50(b) motion, and also waives its right to challenge the sufficiency of the evidence on appeal."[3]  Because of State Farm's non-compliance with Rule 50(a), we must consider State Farm's objections to the sufficiency of Lacy's evidence as though they were raised for the first time on appeal.[4]  "It is the unwavering rule in this Circuit that issues raised for the first time on appeal are reviewed only for plain error.  In other words, this Court will reverse only if the judgment complained of results in a manifest miscarriage of justice."[5]

State Farm has not demonstrated that we must reverse the jury's verdict to prevent a manifest miscarriage of justice. Although State Farm contends that it clearly denied Lacy's claim in its April 29, 1996 letter and that, as a consequence, her suit was time barred, State Farm's conduct thereafter was more consistent with an ongoing investigation.  In particular, the record reflects that a claim representative recommended, after April 29, 1996, that Lacy hire an engineer to evaluate the cause of her foundation problems and submit the engineer's report to State Farm.  Under these circumstances, and applying our most deferential standard of review, we affirm the judgment in Lacy's favor.

---

[3]*Id.*

[4]*See id.* at 963.

[5]*Id.* at 963-64 (internal quotation and citation omitted).

-3-

II.  State Farm's *Daubert* Challenge

State Farm filed a pre-trial motion to strike the causation testimony of Howard Pieper, the engineer hired by Lacy.  Having reviewed the May 23, 2000 order denying that motion, we are satisfied that the trial court adequately performed its gatekeeping obligation by ensuring that Pieper's testimony was both relevant and reliable.[6]  Accordingly, the trial court did not abuse its discretion by admitting the testimony.

III. Lacy's Bad Faith Claims

Lacy challenges the district court's grant of summary judgment on her bad faith claims.  Under Texas law, an insurer owes its insured a duty to deal fairly and in good faith in processing claims.  Whether the insurer breaches this duty in denying a claim is determined by whether "the insurer knew or should have known that it was reasonably clear that the claim was covered."[7]  Even if the insurer is wrong in denying a claim, it is not liable for bad faith if it can establish the existence of a bona fide dispute.[8] For the reasons given in the magistrate's January 26, 2000 Memorandum, Recommendation, and Order, summary judgment was proper. There was a bona fide dispute on the issue of causation.  Although

---

[6]*See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

[7]*United States Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 267 (Tex. 1997).

[8]*Id.*

Lacy argues that State Farm's expert, Edward Kubena, was biased, she did not demonstrate that State Farm knew that Kubena's report was unreliable.

**AFFIRMED.**