122 S.W.3d 330 (2003)
Carol S. COVINGTON, Appellant,
v.
THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND/CONNECTICUT, Appellee.
No. 2-02-135-CV.
Court of Appeals of Texas, Fort Worth.
November 6, 2003.
*331 Noteboom-The Law Firm, Charles M. Noteboom, J. Mark Sudderth, Hurst, for Appellant.
Shannon, Gracey, Ratliff & Miller, L.L.P., Melinda R. Burke, Lori R. Thomas, Fort Worth, for Appellee.
*332 Panel A: LIVINGSTON and DAUPHINOT, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

OPINION
DAVID L. RICHARDS, Justice (Assigned).
This is an appeal from a take-nothing summary judgment entered against appellant Carol S. Covington ("Covington") in connection with her claim that defendant/appellee The Travelers Indemnity Company of Rhode Island/Connecticut ("Travelers") breached its duty of good faith and fair dealing by failing to pay weekly indemnity benefits for a physical injury she suffered during the course and scope of her employment with American Airlines in 1990. The summary judgment motion was filed pursuant to Texas Rule of Civil Procedure 166a, although it is unclear whether Travelers intended the motion to set forth a "no-evidence" argument in addition to its traditional summary judgment argument.[1] Tex.R. Civ. P. 166a. We will reverse the trial court's summary judgment and remand the case for trial.

I. Factual and Procedural Background
On January 25, 1990, Covington sustained an accidental injury in the course and scope of her employment with American Airlines. Covington filed a workers' compensation claim with Travelers, her employer's insurance carrier, who paid Covington total disability weekly indemnity benefits for nineteen weeks. Covington, denying that she sustained only nineteen weeks of total temporary disability and arguing that she was totally and permanently disabled, requested a hearing before the Texas Workers' Compensation Commission (TWCC). On March 9, 1995, the TWCC entered its final award, finding that Covington sustained a compensable injury and ordering Travelers to pay Covington for nineteen weeks for total temporary disability and for 300 weeks for permanent loss of wage earning capacity.
Covington filed her first amended petition in district court on November 20, 1996, seeking to set aside the final award of the TWCC and alleging negligence, gross negligence, and bad faith on the part of Travelers, as well as violations of the Texas Deceptive Trade Practices Act (DTPA) and the Texas Insurance Code. On December 16, 1996, by agreed order, the trial court severed Covington's extra-contractual claims from her appeal of the TWCC award and abated those claims pending resolution of the contractual claims. On November 6, 1997, the trial court entered its judgment in the contract suit, awarding Covington an additional $46,002 in benefits beyond the $4,522 in weekly indemnity benefits paid by Travelers. The trial court also granted Travelers's motion for summary judgment on Covington's extra-contractual claims, a decision Covington appealed to this court. On July 6, 2001, we reversed the trial court's summary judgment order on the ground that the trial court erred in granting Travelers's judgment as a matter of law on a cause of action not presented in Travelers's motion; specifically, the motion for summary judgment did not address *333 Covington's claims that Travelers denied payment of weekly indemnity benefits in bad faith. Covington v. State, No. 2-00-025-CV (Tex.App.-Fort Worth July 6, 2001, no pet.) (not designated for publication). Following remand, Travelers presented the trial court with another summary judgment motion. On January 18, 2002, the trial court granted Travelers's motion for summary judgment without stating a particular basis for doing so. Covington thereafter perfected the present appeal.

II. The Standard of Review
The Texas Supreme Court first recognized an insurer's tort duty of good faith and fair dealing to its insured in Arnold v. Nat'l County Mut. Fire Ins. Co., 725 S.W.2d 165 (Tex.1987). In Arnold, the court held that an insurer breaches its duty of good faith and fair dealing when (1) the insurer had no reasonable basis for denying or delaying payment of a claim and (2) the insurer knew or should have known of that fact. Id. at 167; see also Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 50-51 (Tex.1997). The court noted in Giles that while this test appears straightforward in theory, it has proven difficult to apply in practice because the plaintiff in a bad-faith case must prove the absence of a reasonable basis to deny the claim, a negative proposition, while appellate courts, in the context of a no-evidence challenge advanced by an insurer, must resolve all conflicts in the evidence in favor of a bad-faith finding. 950 S.W.2d at 51. Evidence that shows only a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith. U.S. Fire Ins. Co. v. Williams, 955 S.W.2d 267, 268 (Tex.1997); Nat'l Union Fire Ins. Co. v. Dominguez, 873 S.W.2d 373, 376-77 (Tex. 1994).
The standard of review applicable in summary judgment cases is well established. The issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. Southwestern Elec. Power Co., 73 S.W.3d at 215; Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.1999); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. Great Am., 391 S.W.2d at 47.
In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. Rhone-Poulenc, 997 S.W.2d at 223; Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. Great Am., 391 S.W.2d at 47.
The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. Clear Creek Basin, 589 S.W.2d at 678. Finally, a defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. Elliott-Williams *334 Co. v. Diaz, 9 S.W.3d 801, 803 (Tex.1999). The defendant as movant must present summary judgment evidence that negates an element of the plaintiff's claim. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.1995). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. Id.
After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex.R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex.2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. See Tex.R. Civ. P. 166a(i) cmt.; Southwestern Elec. Power Co., 73 S.W.3d at 215.
We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered. Johnson, 73 S.W.3d at 197; Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex.2000). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied).

III. Application
We begin with the question of whether Covington produced more than a scintilla of probative evidence showing that liability to pay her weekly indemnity benefits was ever "reasonably clear." The summary judgment evidence reflects that Travelers paid Covington weekly indemnity benefits totaling $4,522 for nineteen weeks, but that its own internal documents made shortly after the injury set reserves at the higher amount of $7,000 and estimated the "value range" for the injury to be between $5,000 and $7,500 plus two years of medical benefits, or $4,500 plus lifetime medical benefits.[2] Following a later injury in 1992, another internal document prepared by Travelers bears the somewhat cryptic notation "totally disabled from 1990 injury."[3] In light of these documents and Travelers's refusal to pay an additional amount above the original $4,522 in weekly indemnity benefits (until the trial court entered judgment awarding Covington $50,524-more than seven years after her injury), we hold there was more than a scintilla of evidence indicating that liability to pay weekly indemnity benefits above that actually paid was "reasonably clear" to Travelers.
We reach a similar result on the issue of whether under Travelers's traditional summary judgment claim this case may be decided as a matter of law on the ground that the controversy between the parties in the underlying claim was simply a good faith dispute over the extent of Covington's injury. A court is entitled to decide an issue as a matter of law when *335 there is no conflict in the evidence; however, when there is evidence on either side of the "bad faith" claim, the issue presents a fact question. Giles, 950 S.W.2d at 56.
In Giles the court held that whether an insurer acted in bad faith because it denied or delayed payment of a claim after it became reasonably clear was a question for the fact-finder. Id. But in Williams, a case decided on the same day as Giles, the court held that where the summary judgment proof "conclusively established" that there was no more than a good-faith dispute between the parties concerning the insurer's liability on the contract, bad faith is not shown, and the case may be decided as a matter of law. Williams, 955 S.W.2d at 268. In applying the respective rulings in Giles and Williams to the instant case, we interpret those cases as providing that unless the summary judgment evidence conclusively established that Travelers acted in good faith, i.e., that there was conclusive evidence of a bona fide dispute on the extent of Covington's injury, the issue presents a question of fact requiring resolution by trial. Because no such conclusive evidence was presented by Travelers, we hold the trial court erred in granting summary judgment in its favor.[4]
Travelers also argues that Covington's claims under the DTPA and Insurance Code fail for the same reasons argued by Travelers in connection with the bad-faith claim and for the additional reason that the statutory "pathway was closed by the tort reform amendments of 1995." Our ruling against Travelers on the bad-faith issue disposes of Travelers's first argument, and by failing to address the issue concerning the alleged impact of the tort reform amendments in its summary judgment motion, the second issue presents nothing for review. See Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993) (ruling movant is not entitled to summary judgment on a theory of liability or defense different from the theory that is alleged in the motion). Point one is sustained.
The trial court's summary judgment is reversed, and the case is remanded to the court for further proceedings consistent with this opinion.
NOTES
[1] The "Introductory Statement and Grounds for Summary Judgment" section of Travelers' motion for summary judgment states that "[t]here is no evidence that liability to pay [Covington] such weekly indemnity benefits was ever `reasonably clear'" [emphasis added]; however, the remainder of the motion reads as though Travelers intended the motion to present only a traditional summary judgment argument. Out of an abundance of caution we will interpret the motion as presenting both a no-evidence and traditional summary judgment argument.
[2] Travelers's offer as of January 27, 1995, the date of the formal hearing before the Commission, was $2,500 with no medical benefits.
[3] It is unclear whether this notation was intended as a conclusion by Travelers on the injury or whether it was merely intended to indicate Covington's allegation.
[4] We do not mean to suggest by our analysis that Travelers did, in fact, act in bad faith in evaluating the claim. We mean only that, under the summary judgment evidence presented, questions of material fact remain in dispute.