

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00362-CV
_____

**BERTHA ARCE, INDIVIDUALLY AND AS REPRESENTATIVE
OF ALL OTHERS SIMILARLY SITUATED, APPELLANT**

**V.**

**AMERICAN NATIONAL INSURANCE COMPANY, APPELLEE**

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 11529; Honorable Dan Mike Bird, Presiding

August 24, 2021

## OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Bertha Arce, Individually and as Representative of All Others Similarly Situated challenges the trial court's rendition of summary judgment in favor of Appellee, American National Insurance Company, on her claims for breach of contract and violations of the Texas Insurance Code, as well as her claim for recovery of attorney's

fees and class action claims. Through two issues, Arce contends the trial court erred in (1) overruling her objections to American National's summary judgment evidence, and (2) granting American National summary judgment on her claims. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## BACKGROUND

This is a case involving the denial of a claim under a life insurance policy issued by American National. In December 2016, Sergio Arce, Jr., Bertha Arce's son, applied for a life insurance policy with American National. Arce was the beneficiary of that policy. Part of the application required that he answer the question of whether, in the last ten years, he had been diagnosed, treated, tested positive for, or been given medical advice for any disease or abnormality of the stomach, intestines, rectum, pancreas, or liver, including cirrhosis, hepatitis, and colitis. Sergio answered that question with "no" and signed a statement affirming that his answers in the application were "full, complete and true to the best of [his] knowledge and belief." However, medical records showed Sergio had been diagnosed with hepatitis C three years earlier, in 2013. At that time, he did not treat that condition or heed medical advice that he seek treatment or assistance in obtaining treatment. Under American National's underwriting guidelines, it would not have issued the policy to Sergio if he had disclosed his hepatitis C diagnosis.

The agent who sold Sergio the policy stated she asked Sergio all of the application questions and recorded the answers he provided. She did not, however, determine whether he fully understood each question. American National issued a life insurance policy to Sergio based on his application. He also signed a form indicating his understanding that the premium he had been quoted had been modified from the original

2

amount to a premium of $91 per month and that the accidental death benefit coverage had been denied.

The policy was issued on January 4, 2017. It contained an incontestability provision providing that the policy could not be contested after it had been in force during the insured's lifetime for a period of two years. Prior to the expiration of that two-year period, American National was entitled to contest the policy for material misstatements made in the application.

Unfortunately, Sergio was in a car accident and died thirteen days after the policy was issued. Arce submitted a claim for benefits. American National denied the claim in July 2017, enclosing the applicable portions of the policy and Sergio's medical records, as well as refunding the $91 premium paid, with interest. The denial letter explained that while Sergio indicated on his application that he did not suffer from liver disease, including cirrhosis or hepatitis, medical records showed a history of liver disease, untreated hepatitis C, and continued drinking despite counseling that Sergio cease doing so. It also explained that had Sergio provided accurate information on the application, the policy would not have been issued under American National's underwriting guidelines.

Arce filed suit against American National in November 2017, alleging breach of contract, violations of sections 541.060, 541.061, and 542.060 of the Texas Insurance Code, and seeking recovery of policy benefits, statutory penalties, and attorney's fees. Arce later amended her petition to add claims for class relief. In February 2019, American National filed a traditional motion for summary judgment, arguing Arce's claims were barred because Sergio made material misrepresentations in his application for the life insurance policy. The trial court granted American National's motion in July 2019, stating

it was disposing of all claims and all parties. The trial court subsequently denied Arce's motion for new trial and for reconsideration and overruled her objections to American National's summary judgment evidence. Thereafter, Arce timely filed her notice of appeal.

## STANDARD OF REVIEW—TRADITIONAL MOTION FOR SUMMARY JUDGMENT

We review a trial court's ruling on a motion for summary judgment under a *de novo* standard of review. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment the movant must "show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law . . . ." TEX. R. CIV. P. 166a(c); *Cmty. Health Sys. Pro'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017) (citing *Provident Life,* 128 S.W.3d at 216); *Lightning Oil Co. v. Anadarko E&P Onshore*, LLC, 520 S.W.3d 39, 45 (Tex. 2017)). A fact is conclusively established if reasonable minds could not differ about the conclusion to be drawn from the record. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). In our review of a trial court's grant of summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence,* 164 S.W.3d at 661.

## ANALYSIS

### ISSUE ONE—ARCE'S OBJECTIONS TO AMERICAN NATIONAL'S SUMMARY JUDGMENT EVIDENCE

Through her first issue, Arce argues the trial court erred in overruling her objections to American National's summary judgment evidence.[1] American National argues the record shows the summary judgment evidence Arce is challenging on appeal was proper and the trial court did not err in overruling the objections.

An appellate court should review a trial court's decision to admit or exclude summary judgment evidence under an abuse of discretion standard. *Van Adrichem v. Agstar Fin. Servs.*, *FLCA*, No. 07-13-00432-CV, 2015 Tex. App. LEXIS 11734, at *3 (Tex. App.—Amarillo Nov. 13, 2015, no pet.) (mem. op.) (citing *McCraw Materials, L.L.C. v. DivLend Equip. Leasing, L.L.C.*, No. 07-12-00215-CV, 2013 Tex. App. LEXIS 779, at *11, (Tex. App.—Amarillo Jan. 28, 2013, no pet.) (mem. op.), (*citing In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005)). We must uphold a trial court's evidentiary ruling if there is any legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998) (citing *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989)).

An affidavit presented in a summary judgment proceeding must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. TEX. R. CIV. P. 166a(f). A conclusory statement is "one that does not provide the underlying facts to support the conclusion and, therefore, is not proper summary judgment proof." *Van*

---

[1] Arce contends the lack of admissible summary judgment evidence means section 705.005, rather than section 705.101-.105, of the Texas Insurance Code applied. That, she asserts, means different obligations were imposed on American National. We will address this aspect of her contention in our analysis of Arce's claims under the Texas Insurance Code.

*Adrichem,* 2015 Tex. App. LEXIS 11734, at *5 (citation omitted). Conclusory statements "are not susceptible to being readily controverted." *Id.* (citation omitted).

Arce argues paragraph three of Scott Marquis's affidavit was inadmissible summary judgment evidence. That paragraph provides:

> 3. On or about December 13, 2016, American National issued policy number M16618556 in the amount of $25,000 on the life of Sergio Arce, Jr. (the "Policy"), subject to the payment of additional premium because the Policy was issued at a premium that was different than that which was applied for. *The additional premium was collected and the Policy was effective as of January 4, 2017.*

(Emphasis in Arce's brief).

Arce contends that the sentence, "[t]he additional premium was collected and the Policy was effective as of January 4, 2017" was not supported by Marquis's personal knowledge. She asserts that Marquis is the Senior Vice President of Life Underwriting at American National and nothing in his title or job description indicates any connection to the sale of policies or the collection of premiums such that he would have the personal knowledge to make the statement he made in paragraph three of his affidavit, nor does Marquis point to any documentation supporting his assertion. Thus, Arce asserts, there is no foundation for this averment and it cannot be considered admissible as summary judgment evidence.

American National argues the affidavit is based on personal knowledge and was thus admissible summary judgment evidence. It notes Marquis's position as the Senior Vice President of Life Underwriting at American National and that he has worked for the company for over twenty years. The affidavit also states that Marquis is "familiar with the above-captioned matter." Marquis then relates the above-quoted statements in

6

paragraph three, setting forth the details of the policy at issue here. The only aspect of those details challenged by Arce is the statement that "[t]he additional premium was collected and the Policy was effective as of January 4, 2017." If Marquis's position and history at American National gave him the personal knowledge to aver to the unchallenged facts, it follows it also gave him the personal knowledge to aver to the challenged fact, i.e., the collection of the premium. Furthermore, even assuming that statement is conclusory, the remaining unchallenged facts in other summary judgment evidence and the undisputed fact that the policy issued is sufficient to overcome Arce's objection to this evidence. Arce's cause of action itself is predicated on the issuance of an insurance policy and the payment of a premium. Therefore, even if the trial court did err in admitting this summary judgment evidence, we find such error would be harmless. Accordingly, we resolve Arce's first issue against her.

### ISSUE TWO—PROPRIETY OF TRIAL COURT'S GRANTING OF SUMMARY JUDGMENT ON ALL OF ARCE'S CLAIMS, INCLUDING CLASS CLAIMS

### BREACH OF CONTRACT CLAIMS

In her second issue, Arce contends the trial court erred in granting summary judgment in American National's favor because it failed to prove Sergio intended to deceive American National for the purpose of obtaining a life insurance policy. Both parties agree misrepresentation to avoid a policy is governed by the Texas Insurance Code. However, the parties disagree as to the standard to be applied here. Arce argues American National was required to prove the common law-imposed element of *intent to deceive* to obtain the insurance policy in addition to the elements set forth in the statute. American National argues that section 705.051 of the Insurance Code applies and, due

7

to the recodification of the applicable provisions, it was not required to prove intent to deceive because that element does not appear in the statute.

Chapter 705 of the Texas Insurance Code is divided into three subchapters. The first, Subchapter A, section 705.001-705.005, provides general default provisions applicable to all insurance policies but provides it does not apply to a life insurance policy with a two-year incontestability provision[2] on which premiums have been duly paid.[3] *See* TEX. INS. CODE ANN. § 705.105. The second, Subchapter B, section 705.051, is a provision applicable to life, accident, and health insurance policies. *See* TEX. INS. CODE ANN. § 705.051. The third, Subchapter C, section 705.101-.105, establishes provisions applicable to misrepresentations in life insurance applications. *See* TEX. INS. CODE ANN. § 705.101-.105.

American National asserts that because Arce submitted a claim within one year of the issuance of the policy, section 705.051 controls. Arce does not agree. Rather, she argues that the common law-imposed requirement of intent to deceive is an additional element that must be proven. Section 705.104, the only other section relating to misrepresentation defenses that mentions intent, is inapplicable because it applies only to suits brought on or after the second anniversary of the issuance of the policy. Section 705.051, on the other hand, does not speak to an intent to deceive and therefore, American National argues, it was not required to prove Sergio *intended to deceive*

---

[2] Arce admits the life insurance policy here contained a two-year incontestability provision.

[3] At points, Arce argues there is no proof that the additional premium, i.e., that beyond the premium initially stated, was ever collected. However, she does admit the policy issued and we find the policy would not have issued without payment of the additional premium.

American National before it denied Arce's claims on the basis of Sergio's misrepresentation.

Section 705.051 is entitled "Immaterial Misrepresentation in Life, Accident, or Health Insurance Application." It provides that "[a] misrepresentation in an application for a life, accident, or health insurance policy does not defeat recovery under the policy unless the *misrepresentation*: (1) is of a material fact; and (2) affects the risks assumed." TEX. INS. CODE ANN. § 705.051 (emphasis added). American National argues that when these elements are proven, there can be no recovery under the policy. It contends that Arce did not challenge either of those elements and thus, it was entitled to summary judgment as a matter of law. American National also argues that as recodified, the provision does not require that American National prove anything else, including an intent to deceive. Accordingly, American National contends the trial court did not err in granting summary judgment in its favor.

Arce first attacks American National's focus on the recodification of the Texas Insurance Code as being based on a faulty premise. American National argues that when the Code was re-codified, it resulted in a substantial change in the language of the statute, thereby eliminating the intent to deceive element for avoiding a life insurance policy based on misrepresentation. Consequently, it contends, to deny Arce's claim, it was only required to satisfy section 705.051 of the Code, a provision requiring only proof of misrepresentation of a material fact and that the misrepresentation affected the risk assumed, and it was not required to satisfy the five-part test set forth in *Mayes v. Mass. Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980). In response, Arce argues recodification did not change the existing law and thus, American National had the burden

9

of proof to prove the element of intent to deceive in order to deny Arce's claim under her son's life insurance policy. Because it did not, Arce asserts, the trial court erred in granting summary judgment in American National's favor.

Arce first argues the case on which American National's argument almost exclusively depends, *Colonial Penn Life Ins. Co. v. Parker*, 362 F. Supp. 3d 380 (S.D. Tex. 2019), is not binding precedent, was founded on objective dicta,[4] is an undisputed outlier, and is premised on a conclusory analysis that cannot be reconciled with Texas authorities. In *Colonial Penn*, an insurer moved for summary judgment to dismiss claims against it for denying a claim on a whole life insurance policy. *Id.* at 382. In the application for life insurance, the insured answered "no" to the question of whether he had, in the three years before the application date, been treated for drug or alcohol abuse. *Id.* at 384. He also affirmed by his signature that he read all the questions and that his answers were true and correct. *Id.* Evidence in the matter showed the insured's answer was untrue. *Id.* at 385-98. The insured died in a car accident seven months after the issuance of the policy. *Id.* at 382. The insurance company denied recovery on the basis of the misrepresentation in the application. *Id.* The trial court granted summary judgment in favor of the insurance company.

In determining whether the granting of summary judgment was proper, the federal appellate court acknowledged that Texas case law required five elements, *including intent to deceive*, to be proven to rescind an insurance contract and it cited *Mayes*, 608 S.W.2d at 616 for that proposition. *Colonial Penn.* 362 F. Supp. at 399. However, it then said

---

[4] Before discussing the intent to deceive element, the court concluded the insurance company was entitled to summary judgment on its failure to pay premium ground.

10

that when the Texas Legislature recodified the statute, it opted not to include an intent requirement in section 705.051. *Id.* at 402. It cited *Fleming Foods of Tex. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999), for the proposition that Texas will not allow prior statutes "to alter or disregard the express terms" of an unambiguous statute. *Colonial Penn*, 362 F. Supp. At 399. Therefore, it said, the obvious omission of an intent requirement in section 705.051 was intentional and insurers are not required to prove intent to deceive under that provision. Accordingly, American National argues, it is clear the Legislature enacted different requirements for different policies. If the intent to deceive element was required in all policies, the specific inclusion of that intent in section 705.104 would be superfluous. *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001) ("Ordinarily when the Legislature has used a term in one section of a statute and excluded it in another, we will not imply the term where it has been excluded.").

The court in *Colonial Penn* makes the statement that when the Legislature adopts an amendment, it intends to make some change in the existing law and thus, courts should endeavor to give effect to the amendment. *Colonial Penn*, 362 F. Supp. 3d at 402. While that is true when there is an *amendment,* as Arce points out, what occurred here was a recodification, not an amendment, through which the Legislature specifically stated it did not intend to change any substantive law. *See* TEX. INS. CODE ANN. § 30.001(a). Accordingly, Arce contends American National is still required to prove the common law element of intent to deceive.

Similarly, the other case on which American National relies, *Fleming*, 6 S.W.3d at 283, speaks to statutory interpretation when the language of a codified version clearly changes the meaning of the statute. In that situation, courts are to consider the prior law

repealed and apply the traditional rules to the "plain words" of the codified statute. *Id.* at 285. The recodification here explicitly did not change the meaning of the statute and thus, courts are to interpret the statutes in accordance with prior law. *Cash America Intern., Inc. v. Bennett*, 35 S.W.3d 12, 16 (Tex. 2000). Consequently, Arce says, intent to deceive is essential to providing a misrepresentation defense regardless of the type of policy involved. *Medicus Ins. Co. v. Todd*, 400 S.W.3d 670, 677-78 (Tex. App.—Dallas 2013, no pet.).[5] As an intermediate appellate court, this court is duty-bound to follow precedent issued by the Texas Supreme Court. As such, Arce insists, and we agree, the five-part test set forth in *Mayes*, 608 S.W.2d at 616, is still applicable to the facts of this case. In *Mayes,* the Texas Supreme Court found that five elements must be pled and proved before the insurer may avoid a policy because of the misrepresentation of the insured. Those elements include: (1) the making of the representation; (2) the falsity of the representation; (3) reliance thereon by the insurer; (4) the *intent to deceive* on the part of the insured in making same; and (5) the materiality of the representation. *Id.* The applicability of those five elements was again confirmed in *Union Bankers Ins. Co. v.*

---

[5] The court in *Medicus* concluded:

> Section 705.004, in its different codifications, is now 110 years old. Although the statute has never expressly required the insurer to prove the insured intended to deceive the insurer with a misrepresentation in the policy application, the courts of Texas have consistently held that an insurer may not rescind a policy due to a misrepresentation in an insurance application unless the insurer proves the insured intended to deceive the insurer with the misrepresentation. We cannot vary from this long history of case law imposing this duty upon insurers. We conclude "the intent to deceive on the part of the insured in making" a misrepresentation in an application for insurance is an element the insurer must prove to obtain a declaratory judgment that a policy is void due to the misrepresentations.

> *Medicus Ins. Co.*, 400 S.W.3d at 679.

> American National distinguishes this opinion, arguing it was a medical malpractice matter under section 705.004 and did not discuss sections 705.051 or 705.104. Further, American National asserts, it involved facts very different from those in the present case. Lastly, it argues, the court did not analyze recodification or its impact on prior case law.

*Shelton*, 889 S.W.2d 278, 282 (Tex. 1994), and we believe they are still applicable today. *Tex. Farm Bureau Mut. Ins. Co. v. Rogers*, 351 S.W.3d 103, 107 (Tex. App.—San Antonio 2011, pet. denied).

As Arce points out, the Texas Insurance Code was recodified effective April 1, 2005, and while the recodification involved the renumbering of statutes, it expressly did not change substantive law. *See* TEX. INS. CODE. ANN. § 30.001(a) ("The program contemplates a topic-by-topic revision of the state's general and permanent statute law without substantive change."). Prior to recodification, the statutory provision addressing misrepresentation in an application for an insurance policy did not include an express intent to deceive element. Rather, that element was incorporated from the common law. *Shelton*, 889 S.W. 2d at 281-82. The recodification of the Code did not change any of the substantive law relevant to this matter and, as Arce notes, both the prior statutes and the recodified versions include the term "misrepresentation." The definition of that term includes the intent to deceive or deception. Black's Law Dictionary, 1016 (7th ed. 1999) (defining "misrepresentation" as "[t]he act of making a false or misleading statement about something, usu. with the intent to deceive").[6]

In accordance with the law as it existed prior to the recodification, American National was required to prove Sergio acted with an intent to deceive in applying for the life insurance policy. Because intent to deceive is not a basis on which summary judgment may be granted, the trial court erred in granting American National's motion.

---

[6] American National argues Arce did not raise that argument at the trial level and is thus precluded from doing so here. Moreover, it asserts, the term misrepresentation cannot include an intent to deceive because if so, the Legislature (and courts in case law like *Mayes*) needlessly included the intent element in several statutes.

*Murray v. Cadle Co.*, 257 S.W.3d 291, 302 (Tex. App.—Dallas 2008, pet. denied) (issues of knowledge and intent are rarely appropriate for summary judgment); *Kirk v. Kemper Investors Life Ins. Co.*, 448 F. Supp. 2d 828, 835 (S. D. Tex. 2006) (noting insured's intent to deceive may not be established at the summary judgment stage). Further, intent to deceive is difficult to prove and American National's summary judgment proof did not meet that burden. Texas courts have held that an insured's knowledge of a health condition that is not disclosed on an application for a policy is insufficient to establish intent to deceive as a matter of law and accordingly, summary judgment on that basis is improper. *See Flowers v. United Ins. Co.*, 807 S.W.2d 783, 786 (Tex. App.—Houston [14th Dist.] 1991, no writ). *See also Shelton*, 889 S.W.2d at 279-83; *Garcia v. John Hancock Variable Life Ins. Co.*, 859 S.W.2d 427, 429–33 (Tex. App.—San Antonio 1993, writ denied). Rather, a fact question precluding summary judgment was raised as to Sergio's intent when he answered "no" to the question on the application. *Flowers*, 807 S.W.2d at 786.

American National was not entitled to summary judgment for another reason. The undisputed summary judgment evidence shows American National asserted rescission well beyond the ninety-day period set forth in section 705.005 of the Code. TEX. INS. CODE ANN. § 705.005. Accordingly, Arce argues American National is precluded from claiming recission and asserting misrepresentation as a defense to Arce's claims. *See Gotham Ins. Co. v. Warren E&P, Inc.*, 455 S.W.3d 558, 567, n.21 (Tex. 2014); *Myers v. Mega Life and Health Ins. Co.*, 2008 Tex. App. LEXIS 2803, at *8 (Tex. App.—Amarillo April 17, 2008, pet. denied) (section 705.005 is a defense to a misrepresentation claim and is strictly construed against an insurer); *Protective Life Ins. Co. v. Russell*, 119

14

S.W.3d 274, 284–85 (Tex. App.—Tyler 2003, pet. denied). Accordingly, the trial court erred in granting summary judgment on American National's contract claims.

### INSURANCE CLAIMS

In her second issue, Arce argues that because American National did not show it would prevail on her contract claim, it was not entitled to summary judgment on her insurance claims. American National argues that all of Arce's claims are dependent on whether the denial of life insurance benefits was proper and because its position is that it was, it contends that all of Arce's Insurance Code claims fail since each relies on her contract claim.

American National argues summary judgment was proper with regard to Arce's prompt pay claim under section 542.060. *See* TEX. INS. CODE ANN. § 542.060. It argues that Arce's claim was based on the wrongful denial of policy benefits and because the denial was not wrongful, Arce's prompt pay claim also fails. American National argues that insureds "cannot recover damages for a statutory violation if they have no right to recover under the policy and have sustained no independent injury." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018). *See also Tucker v. State Farm Fire & Casualty Co.*, 981 F. Supp. 461, 645 (S. D. Tex. 1997) (remaining "extra-contractual claims live or die depending on whether [plaintiff's] bad faith claim has any viability"). American National reiterates its position that it was not required to prove intent to deceive and that it properly denied payment to Arce and therefore, the trial court properly granted summary judgment in its favor regarding Arce's prompt payment claim. Arce disagrees, arguing she should prevail on her contract claim and that she has, at a minimum, raised a genuine issue of material fact precluding summary judgment on this claim.

15

American National also argues summary judgment was proper with regard to Arce's Insurance Code claims under sections 541.060 and 541.061 (pertaining to unfair settlement practices and unfair methods of competition or deceptive acts) due to Sergio's answers on the application. *See* TEX. CODE INS. ANN. §§ 541.060, 541.061. It contends either a bona fide dispute exists precluding liability for violations of the Insurance Code or there was no coverage due to Sergio's misrepresentation. Furthermore, American National contends that even if it is incorrect in its assertion that it did not need to prove Sergio's intent to deceive, that assertion is simply a question of statutory construction and is not actionable as bad faith under the Insurance Code. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 269 (Tex. 1997).

Arce asserts that the existence of inaccurate answers to questions on a life insurance application is not a bona fide dispute between Arce and American National and is not sufficient as a matter of law to preclude recovery under sections 541.060 and 541.061 of the Code. TEX. INS. CODE ANN. § 541.060. While Arce admits statutory claims for unfair settlement practices generally only apply to covered claims, she argues this is a covered claim on which summary judgment was improperly granted.

Because we have found genuine issues of material fact exist as to Arce's contract claim, we also find she has raised genuine issues of material fact precluding summary judgment on her insurance claims.

### CLASS CLAIMS

Finally, as part of Arce's second issue, she argues the trial court erred in granting summary judgment regarding her class claims because American National did not move

for summary judgment on those grounds.  After American National filed its motion for summary judgment, Arce amended her petition to request injunctive relief for a putative class.  Consequently, American National did not address Arce's class claims in its motion nor did it amend its motion to do so.

American National argues summary judgment was proper despite this.  It points to the Texas Supreme Court's opinion in *Texas Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 255 (Tex. 2002), in which the court said where "summary judgment against the sole class representative is proper on all the class representative's claims, then the entire case including the class claims may be dismissed."  American National contends summary judgment against Arce was proper on all of her individual claims and thus, because she had no live claims, summary judgment on her class claims was proper despite American National's failure to address those claims.

A motion for summary judgment must itself expressly present the grounds on which it is made.  *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).  A motion must stand or fall on the grounds expressly presented in the motion.  *Id.* In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.  *Id.*

The record shows American National did not seek summary judgment regarding Arce's class claims[7] and did not address those claims in any way.  Therefore, summary

---

[7] Class certification had not yet occurred.

judgment was improper as to those claims. *Id.* Accordingly, we sustain Arce's second issue as to all claims.

### CONCLUSION

For the reasons set forth herein, we find the trial court erred in granting summary judgment in American National's favor. We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice