**Young Hee KANG, Appellant,**

v.

**HYUNDAI CORPORATION (U.S.A.), Hyundai Motor America d/b/a Hyundai Motor America, Inc., Freeman Investments d/b/a Freeman Oldsmobile, Mazda, And Hyundai, and Hyundai Motor Co., Appellees.**

**No. 05–96–01408–CV**

Court of Appeals of Texas, Dallas.

Jan. 11, 1999.

Rehearing Overruled April 6, 1999.

Danny Duane Pitzer, Arlington, for appellant.

Arthur M. Meyer, Jr., J. David Apple, Brown, McCarroll & Oaks Hartline, Dallas, for appellee.

Before Justices MALONEY, WHITTINGTON, and ROACH.

## OPINION

JOHN R. ROACH, Justice.

Young Hee Kang appeals the trial court's summary judgment that she take nothing on her claims against Hyundai Corporation (U.S.A.). Hyundai Motor America d/b/a Hyundai Motor America, Inc., Freeman Investments d/b/a Freeman Oldsmobile, Mazda, and Hyundai, and Hyundai Motor Company for injuries sustained in a one-vehicle accident. In three points of error, Kang complains that summary judgment was improper because (1) there are material fact issues, (2) appellees did not establish spoliation, and (3) the statute of limitations does not bar her breach of warranty claim.

Because we conclude spoliation of evidence was not a proper ground upon which to base a summary judgment in this case, we reverse the summary judgment as to Kang's claims for (1) strict products liability, (2) negligent design, manufacturing, and distribution, (3) breach of contract, (4) breach of the duty of good faith and fair dealing, and (5) "intentional tort." We remand those causes to the trial court for further proceedings. For the reasons set forth below, we affirm the summary judg-

ment as to Kang's claims for fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act (DTPA).

## FACTUAL BACKGROUND

Kang was driving her 1990 Hyundai Excel GS automobile from Georgia to Texas. While on Interstate Highway 20 in Louisiana, Kang felt the car pull to the right. To regain control of the car, Kang pulled the wheel to the left. When she did so, the vehicle went out of control, hit the concrete median, flipped over, and skidded on its roof for about 200 feet before stopping.

Kang sued appellees, alleging that defects in the car's steering and suspension system caused the accident. She brought causes of action for strict products liability, negligent design, manufacturing, and distribution, breach of contract, fraud, negligent misrepresentation, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and "intentional tort."

Some time after the accident, the automobile was vandalized and parts of it were stolen. Appellees subsequently moved for summary judgment on three grounds. First, with respect to all causes of action, they alleged "spoliation of crucial evidence" deprived them of an opportunity to adequately prepare a defense. In particular, they contended that without the automobile, (i) there is no evidence that the 1990 Hyundai had any design and/or manufacturing defect and (ii) Kang's testimony is insufficient to controvert their expert testimony. Second, appellees argued they were entitled to summary judgment because the breach of warranty claim under the DTPA was barred by limitations. Third, they sought summary judgment on the fraud, negligent misrepresentation, and DTPA claims on the ground that these claims were based on "mere opinion and puffing." The trial court ultimately granted appellees' motion for summary judg-

ment without specifying a basis. This appeal ensued.

## SUMMARY JUDGMENT

■ A party moving for summary judgment must prove that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In determining whether there is a disputed material fact issue, we must take all evidence favorable to the nonmovant as true and resolve any doubts in her favor. *Id.* at 548–49. When, as in the present case, the movants are the defendants, summary judgment is proper only when the defendants negate at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Only after the defendants produce evidence entitling them to summary judgment does the burden shift to the plaintiff to present evidence creating a fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). When, as here, the trial court does not specify the basis for its ruling, an appellent is required to show that each of the independent grounds asserted in support of summary judgment was insufficient to support the judge's ruling. *See Williams v. Crum & Forster Commercial Ins.*, 915 S.W.2d 39, 43 (Tex.App.—Dallas 1995), *rev'd on other grounds*, 955 S.W.2d 267 (1997).

■ In her second point of error, Kang contends summary judgment was improper because appellees did not establish that she intentionally destroyed evidence, *i.e.*, the car. In their motion for summary judgment, appellees moved for summary judgment on all causes of action on the ground of spoliation of evidence. Specifically, they contended the vehicle was destroyed while in Kang's possession and control and they were thus precluded from inspecting and testing certain parts of the car. They contended that such "inspection

and testing is an absolute necessity in this case." Because the car was destroyed, they argued (1) they were prevented from adequately preparing a defense and (2) there is no evidence that a design or manufacturing defect existed in the car or caused the accident. Further, they contended Kang's testimony alone was not sufficient to raise a fact issue.

■■■ Spoliation is the improper destruction of evidence relevant to a case. *See Malone v. Foster,* 956 S.W.2d 573, 577 (Tex.App.—Dallas 1997), *aff'd,* 977 S.W.2d 562 (Tex.1998). We note initially that there was no evidence in this case that Kang intentionally destroyed the vehicle or any part of it, nor was there any evidence that Kang was negligent or otherwise at fault for any loss of evidence regarding the vehicle. Regardless, we do not believe that spoliation is a ground for summary judgment such that it relieves a defendant from the burden of negating at least one element of each theory pleaded. Rather, methods used by Texas courts to discourage and remedy spoliation of evidence have included (1) sanctions for discovery abuse under Texas Rule of Civil Procedure 215 or (2) an instruction that the jury must presume that the destroyed evidence would not have been favorable to its destroyer. *Malone,* 956 S.W.2d at 581. There may be other methods that Texas courts will use to discourage or remedy spoliation of evidence. *See Trevino v. Ortega,* 969 S.W.2d 950, 958–60 (Tex.1998) (Baker, J., concurring) (proposing remedies for evidence spoliation, whether intentional or negligent). We will not, however, transform a presumption or sanctionable event into a conclusively established fact for summary judgment purposes.

To the extent appellees argue that Kang cannot prove a design defect or causation without the vehicle, such a ground would not have been proper at the time appellees' motion for summary judgment was filed in October 1995. The no-evidence summary judgment rule did not take effect until September 1, 1997. Thus, under the rules existing at the time of appellees' motion for summary judgment, Kang had no burden until appellees either (1) negated an element of each of the theories of recovery or (2) conclusively established an affirmative defense.

We conclude that spoliation was not a proper ground for summary judgment because it does not negate any essential element of each of Kang's claims. Accordingly, we sustain the second point of error with respect to Kang's claims for (1) strict products liability, (2) negligent design, manufacturing, and distribution, (3) breach of contract, (4) breach of the duty of good faith and fair dealing, and (5) intentional tort. We remand those causes of action for further proceedings. Having so concluded, we need not address Kang's first point of error.[1]

■■■ We next turn to the summary judgment on Kang's claims for fraud, negligent misrepresentation, and DTPA violations for which appellees asserted alternative grounds in their motion for summary judgment. In the third point of error, Kang argues the trial court erred in granting summary judgment on the breach of warranty claim because the "claim arises under the Deceptive Trade Practices Act,

---

1. Kang's first point of error complains that there are fact issues on the cause of the accident. We note that appellees relied on the affidavit of William E. Stewart as evidence in support of their motion for summary judgment. Stewart was the national manager of engineering and design analysis for Hyundai Motor America. In his affidavit, Stewart asserted that:

> Because Hyundai has been deprived of the opportunity to examine the essential vehicle

components and systems alleged to have been defective in this litigation, it has been denied access to evidence *required to determine the cause of the accident.*

(Emphasis added.) This statement admits the cause of the accident is unknown; thus, this statement alone would preclude appellees from negating causation as an element of any of Kang's claims to which it applies.

and the discovery rule applies to [the DTPA], and controls the statute of limitations claim." Under this point, Kang merely asserts, without more, that the statute of limitations did not expire until two years after the date of the accident, "that being the instant when [Kang] discovered the breach of warranty. Kang filed suit timely and her statute of limitation did not expire." She offers no citations to the record, no statutory or case law, and no substantive analysis to support her position.

Additionally, under this point, she argues the "representations of the automobile salesman, dealer, and/or manufacturer as to the reliability of the vehicle are all material," apparently in an attempt to attack appellees' summary judgment argument that any representations were "mere puffery." Presumably, this is Kang's attack upon the trial court's grant of summary judgment on the DTPA claim as well as her fraud and negligent misrepresentation claims. Again, however, she does not cite any law or provide any substantive analysis to support her position under this point of error.

■ Texas Rule of Appellate Procedure 38 provides that a brief to this Court shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX.R.APP. P. 38.1(f),(h). Failure to cite any authority constitutes a waiver of the alleged error. *See Bowles v. Clipp*, 920 S.W.2d 752, 761 (Tex.App.—Dallas 1996, writ denied).

Because Kang does not provide us with cites to the record, legal authorities, or substantive analysis, we conclude she has failed to preserve this argument for review. Accordingly, we overrule the third point of error.

We reverse the summary judgment as to Kang's claims for (1) strict products liability, (2) negligent design, manufacturing, and distribution, (3) breach of contract, (4) breach of the duty of good faith and fair dealing, and (5) intentional tort. We remand those causes to the trial court for further proceedings. We affirm the summary judgment as to Kang's claims for fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act.