COURT 
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 
2-03-322-CR
         2-03-323-CR
 
  
LARRY 
PUCKETT                                                                   APPELLANT
 
 
V.
 
 
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
THE 235TH DISTRICT COURT OF COOKE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Larry Puckett was indicted on two counts of aggravated sexual assault of 
twelve-year-old H.J.  Appellant pled guilty to both charges and was placed 
on ten years’ deferred adjudication community supervision and assessed a 
$1,000 fine for each offense.  The State subsequently filed a motion to 
proceed to adjudication in April 2003.  The trial court found Appellant 
guilty and assessed his punishment for each charge at twenty-five years’ 
imprisonment, to be served concurrently.  In one issue, Appellant contends 
that the sentence assessed is excessive and grossly disproportionate to the 
offense charged, and that it constitutes cruel and unusual punishment under the 
Texas and United States Constitutions.  The State responds by arguing first 
that we lack jurisdiction over this appeal and second that Appellant failed to 
preserve any complaint that his sentence was unconstitutionally disproportionate 
or excessive by his failure to object at trial.  Because the State’s 
counterpoints are potentially dispositive of this appeal, we address them first.
        The 
State argues that we lack jurisdiction over this appeal because Appellant 
received deferred adjudication community supervision pursuant to a plea 
agreement with the State, and the trial court accepted Appellant’s plea and 
placed him on probation in accordance with the agreement.  Article 42.12, 
section 5(b) of the Texas Code of Criminal Procedure provides that “[a]fter an 
adjudication of guilt, all proceedings, including assessment of punishment, 
pronouncement of sentence, granting of community supervision, and defendant's 
appeal continue as if the adjudication of guilt had not been deferred.”  Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b) (Vernon Supp. 2004).  Thus, although we may not review a trial 
court's decision to proceed with an adjudication of guilt on the original 
charge, we may consider issues related to the trial court's assessment of 
punishment.  Id.; Vidaurri v. State, 49 S.W.3d 880, 882-83 (Tex. 
Crim. App. 2001); Washington v. State, 71 S.W.3d 498, 499 (Tex. 
App.—Tyler 2002, no pet.); see Kirtley v. State, 56 S.W.3d 48, 51 (Tex. 
Crim. App. 2001); Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 
1992).
        The 
State alternatively argues that Appellant waived his complaint on appeal by 
failing to raise his constitutional complaints at trial.  To preserve a 
complaint for our review, a party must have presented to the trial court a 
timely request, objection, or motion that states the specific grounds for the 
desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley 
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), cert. 
denied, 526 U.S. 1070, (1999).  Further, the trial court must have 
ruled on the request, objection, or motion, either expressly or implicitly, or 
the complaining party must have objected to the trial court's refusal to 
rule.  Tex. R. App. P. 
33.1(a)(2).  Preservation of error is a systemic requirement that this 
court should review on its own motion.  Martinez v. State, 22 S.W.3d 
504, 507 n.7 (Tex. Crim. App. 2000); Hughes v. State, 878 S.W.2d 142, 151 
(Tex. Crim. App. 1993) (op. on reh'g), cert. denied, 511 U.S. 1152 
(1994).
        Appellant 
concedes that he failed to preserve his complaint of cruel and unusual 
punishment in the trial court.[2]  We therefore 
agree with the State that Appellant waived any error by failing to raise a 
complaint in the trial court and overrule Appellant’s sole issue.  In 
re C.J.H., 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.).[3]   We affirm the trial court’s judgment.
 
  
                                                                  PER 
CURIAM
 
  
PANEL 
F:   HOLMAN, J.; CAYCE, C.J.; and McCOY. J.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
April 29, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant urges this court, without citing any authority, to consider his 
argument as a challenge to the sufficiency of the evidence, which can be raised 
for the first time on appeal; however, we conclude that this issue is 
inadequately briefed. See Tex. R. App. P. 38.1(h); Kang 
v. Hyundai Corp. (U.S.A.), 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no 
pet.).
3.  
Although not cited by Appellant, we recognize that in Ray v. State, this 
court addressed the constitutionality of the defendant’s punishment despite 
his failure to raise an objection at trial.  119 S.W.3d 454, 459 (Tex. 
App.—Fort Worth 2003, no pet.).  Nonetheless, there is no majority 
opinion in Ray and it is not binding precedent.  See Pearson v. 
State, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999).