PUCKETT V. STATE 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-322-CR

2-03-323-CR

LARRY PUCKETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Larry Puckett was indicted on two counts of aggravated sexual assault of twelve-year-old H.J.  Appellant pled guilty to both charges and was placed on ten years’ deferred adjudication community supervision and assessed a $1,000 fine for each offense.  The State subsequently filed a motion to proceed to adjudication in April 2003.  The trial court found Appellant guilty and assessed his punishment for each charge at twenty-five years’ imprisonment, to be served concurrently.  In one issue, Appellant contends that the sentence assessed is excessive and grossly disproportionate to the offense charged, and that it constitutes cruel and unusual punishment under the Texas and United States Constitutions.  The State responds by arguing first that we lack jurisdiction over this appeal and second that Appellant failed to preserve any complaint that his sentence was unconstitutionally disproportionate or excessive by his failure to object at trial.  Because the State’s counterpoints are potentially dispositive of this appeal, we address them first. 

The State argues that we lack jurisdiction over this appeal because Appellant received deferred adjudication community supervision pursuant to a plea agreement with the State, and the trial court accepted Appellant’s plea and placed him on probation in accordance with the agreement.  Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides that “[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.” 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(b) (Vernon Supp. 2004). Thus, although we may not review a trial court's decision to proceed with an adjudication of guilt on the original charge, we may consider issues related to the trial court's assessment of punishment.  
Id.; Vidaurri v. State,
 49 S.W.3d 880, 882-83 (Tex. Crim. App. 2001); 
Washington v. State,
 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.); 
see Kirtley v. State,
 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); 
Issa v. State,
 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). 

The State alternatively argues that Appellant waived his complaint on appeal by failing to raise his constitutional complaints at trial.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. 
P. 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), 
cert. denied
, 526 U.S. 1070, (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  
Tex. R. App. P.
 33.1(a)(2).  Preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh'g), 
cert. denied
, 511 U.S. 1152 (1994).

Appellant concedes that he failed to preserve his complaint of cruel and unusual punishment in the trial court.
(footnote: 2)  We therefore agree with the State that Appellant waived any error by failing to raise a complaint in the trial court and overrule Appellant’s sole issue.  
In re C.J.H.
, 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.).
(footnote: 3)  We affirm the trial court’s judgment.        

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and McCOY. J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant urges this court, without citing any authority, to consider his argument as a challenge to the sufficiency of the evidence, which can be raised for the first time on appeal; however, we conclude that this issue is inadequately briefed.  
See
 
Tex. R. App. P.
 38.1(h); 
Kang v. Hyundai Corp. (U.S.A.)
, 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no pet.).

3:
Although not cited by Appellant, we recognize that in 
Ray v. State
, this court addressed the constitutionality of the defendant’s punishment despite his failure to raise an objection at trial. 119 S.W.3d 454, 459 (Tex. App.—Fort Worth 2003, no pet.).  Nonetheless, there is no majority opinion in 
Ray
 and it is not binding precedent.  
See Pearson v. State
, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999).