Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed January 25, 2007








 

Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed January
25, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00778-CV

____________

 

IN RE BP AMOCO CHEMICAL COMPANY AND BP PRODUCTS NORTH
AMERICA, INC., Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

In this
original proceeding, relators, BP Amoco Chemical Company and BP
Products North America, Inc., seek a writ of mandamus ordering the respondent,
Susan Criss, to vacate her order of June 15, 2006, which compels relators to
comply with requests for production.  We conditionally grant the writ.

Background

The real
party in interest, Kenneth Alton Moffett, suffers from acute myelogenous
leukemia (AML), which he alleges was caused by exposure to benzene.  Moffett
sued several companies including relators, BP Amoco Chemical and BP Products
North America, alleging he was exposed to benzene while working in plants owned
by those companies.  








In early
2006, Moffett served Interrogatories and Requests for Production on relators. 
Included in his requests for production were the following requests:

Request
for Production No. 18: Produce all DOCUMENTS
in your possession reflecting epidemiological studies and any underlying data
for all epidemiological studies that were conducted and/or participated in by DEFENDANT
with respect to exposure to BENZENE.  All identifying information may be
redacted.

Request
for Production No. 25: Produce all
correspondence and/or communications between this DEFENDANT and the
American Petroleum Institute related to potential toxic effects of and/or safe
levels of exposure to BENZENE.  This request includes, but is not
limited to, any and all draft reports, proposals, studies, research projects,
submissions and/or discussions with Dr. Richard Irons.

Relators
objected to requests 18 and 25 on the grounds that the requests were overbroad
and not calculated to lead to the discovery of admissible evidence.  Moffett
moved to compel production of the studies and documents, and the trial court,
without making any changes to the discovery requests, granted the motion to
compel.

Availability of Mandamus Relief

Mandamus
is available to correct a clear abuse of discretion when the relator has no
adequate remedy at law.  CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex.
1996).  Generally, the scope of discovery is within the trial court=s discretion, but the trial court
must make an effort to impose reasonable discovery limits.  In re CSX Corp.,
124 S.W.3d 149, 152 (Tex. 2003).  An order that compels overly broad discovery
well outside the bounds of proper discovery is an abuse of discretion for which
mandamus is the proper remedy.  Dillard Dep=t Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995).  Discovery
requests must be limited by time, place, and subject matter.  In re Xeller,
6 S.W.3d 618, 626 (Tex. App.CHouston [14th Dist.] 1999, orig. proceeding).  Discovery
orders requiring document production from an unreasonably long time period or
from distant and unrelated locales are impermissibly overbroad.  In re
American Optical, 988 S.W.2d 711, 713 (Tex. 1998).  








Scope of Discovery Order

The
general scope of discovery includes any unprivileged information that is
relevant to the subject of the action, even if it would be inadmissible at
trial, as long as the information sought is reasonably calculated to lead to
the discovery of admissible evidence.  Tex.
R. Civ. P. 192.3(a); In re CSX, 124 S.W.3d at 152.  Moffett=s requests are overbroad because they
do not limit the document production to time, place, and subject matter.  The
supreme court has held similar requests are overly broad.  In Texaco, Inc.
v. Sanderson, the plaintiffs claimed they were injured by exposure to
benzene and requested all safety and toxicology documents written by the
corporate safety director, including documents regarding other employees= exposure and plants where the
plaintiffs never worked.  898 S.W.2d at 814.  The court held the request was
overbroad because it was Anot merely an impermissible fishing expedition; it [was] an
effort to dredge the lake in hopes of finding a fish.@  Id. at 815.  As in Texaco,
Moffett failed to limit his request to the time in which he worked at the
plants or the plants at which he worked.  In fact, Moffett has failed to
produce any evidence that he actually worked at relators= plants.  Further, the discovery
order is not limited to studies concerning the particular disease from which
Moffett suffers.  








Moffett
argues this court should deny mandamus because (1) relators unreasonably
delayed seeking mandamus, (2) relators produced no evidence in support of their
objections, and (3) the requested discovery is necessary to show causation. 
None of Moffett=s arguments, however, address the fact that the discovery
request is too broad.  With regard to the alleged delay, Moffett cites no
authority prohibiting mandamus relief due to delay in seeking mandamus and has
therefore waived this argument.  See Kang v. Hyundai Corp. (U.S.A.), 992
S.W.2d 499, 503 (Tex. App.CDallas 1999, no pet.) (The failure to cite any authority
waives argument.).  Further, relators contend they were attempting to negotiate
a settlement, and Moffett agreed to extend the discovery deadlines in pursuit
of a settlement.  With regard to evidence, there is no requirement that
relators produce evidence to support their contention that the order is
overbroad.  It is overbroad on its face.  See Texaco, 898 S.W.2d at 814.

Finally,
Moffett contends that because he has requested epidemiological studies in an
attempt to obtain relevant evidence to support causation, this case is
distinguishable from other cases involving overbroad discovery orders. 
Although the scope of discovery is broad, requests must show a reasonable
expectation of obtaining information that will aid the dispute=s resolution.  In re CSX, 124
S.W.3d at 152.  Discovery requests must be reasonably tailored to include only
relevant matters.  Id.  

Results
from epidemiology studies are relevant only to the issue of general causation
and cannot establish whether an exposure or factor caused disease or injury in
a specific individual.  Merrell Dow Pharm. Inc. v. Havner, 953 S.W.2d
706, 715 (Tex. 1997).  The concept of Afit@ discussed by the Supreme Court in Daubert
is a critical issue to the question of generalizing epidemiology study results
to a plaintiff in a particular case.  See Daubert v. Merrell Dow Pharm.,
Inc., 509 U.S. 579, 591, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993). 
Unless a plaintiff can show that he could qualify as a member of the exposed
study group, an epidemiological study is irrelevant and misleading to the
jury.  Id..  A claimant must show that he or she is similar to those in
the studies.  Havner, 953 S.W.2d at 720.  Further, unpublished studies,
such as the one Moffett seeks, are not admissible.  Id. at 727.  Moffett
seeks all studies by relators concerning exposure to benzene including a study
that has not yet been published or subjected to peer review.  Because Moffett
has failed to show that he could qualify as a member of those study groups, his
request is not reasonably tailored to include only relevant matters.  See In
re CSX, 124 S.W.3d at 152; Havner, 953 S.W.2d at 720. 

 

 








Conclusion

The
trial court abused its discretion in ordering relators to comply with requests
for production 18 and 25.  Further, by having to produce overbroad discovery
that is almost unlimited as to time, place, and subject matter, relators have
no adequate remedy by appeal.  See In re CSX, 124 S.W.3d at 153.  We
conditionally grant mandamus relief and direct the trial court to vacate its
June 15, 2006 order compelling relators to answer Moffett=s requests for production.  The writ
will issue only if the trial court fails to act promptly in accord with this
opinion. 

 

PER
CURIAM

 

Petition Conditionally Granted and Memorandum Opinion
filed January 25, 2007.

Panel consists of Justices Anderson, Hudson, and
Guzman.