# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00485-CV

**Danny Joe Wright, Appellant**

**v.**

**Frances Joette Wright, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-FM-07-000071, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's final decree of divorce. In two issues, appellant Danny Joe Wright challenges the trial court's judgment on the grounds that the trial court did not incorporate the terms of a mediated settlement agreement into the final decree of divorce and that the trial court erred in failing to acknowledge certain provisions of the settlement agreement. Because we conclude that appellant has either failed to preserve these issues for our review or, in the alternative, has waived these complaints, we affirm the trial court's final decree of divorce.

The record before us reflects that appellee Frances Joette Wright petitioned for a divorce from appellant on January 5, 2007. The parties entered into a mediated settlement agreement on February 25, 2008, which was incorporated into the final decree of divorce signed by the trial court on May 2, 2008. After the trial court denied appellant's motion for new trial, appellant filed his notice of appeal on July 31, 2008.

Appellant's conduct has occasioned several delays in this Court's consideration of the instant appeal. However, appellant's brief and the record before us demonstrates that appellant has failed to preserve error and has failed to present anything for this Court's review. *See* Tex. R. App. P. 33.1, 38.1. Appellant raises two issues on appeal challenging the trial court's entry of a final divorce decree. But appellant fails to preserve error because he fails to show where he presented his claims to the trial court for ruling. *See id.* 33.1; *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (per curiam). The record reflects that appellant did not raise these two issues in his motion for new trial. Nor does appellant's brief inform the Court as to where appellant raised these issues before the trial court.

In addition, appellant's brief cites no legal authority to support his contentions and, therefore, presents nothing for our review. *See General Serv. Comm'n v. Little-Tex. Insulation Co.*, 39 S.W.3d 591, 598 n.1 (Tex. 2001) (appellant's failure to brief, or to adequately brief, an issue on appeal waives that issue); *Sunnyside Feedyard, L.C. v. Metropolitan Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.) (failure to either cite authority or advance substantive analysis waives the issue on appeal); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied) (per curiam) (point of error unsupported by citation to legal authority presents nothing for appellate court review); *Ryan v. Abdel-Salam*, 39 S.W.3d 332, 336 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (court will not perform independent review of the record and applicable law to determine whether error complained of occurred); *Kang v. Hyundai Corp.*, 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no pet.) (failure to cite authority constitutes waiver of alleged error). Appellant's entire argument as presented in his brief to this Court consists of the following:

Appellant concedes that ordinarily a Mediated Settlement Agreement would be binding on the parties. (Tex. Fam. Code 6.602)

However, this Settlement Agreement did not dispose of all issues and was not a complete settlement and in fact left open a review period permitting modification of financial provisions.

In the course of reviewing documents that had not been previously submitted, Appellant discovered numerous discrepancies which altered the predicates on which the settlement was made.

The Settlement Agreement was not incorporated into the judgment of the Court nor was it made a part of the evidence in the case. It was not offered as an exhibit nor was it referenced and incorporated by reference and thus the Court's judgment is based on a bare reference to the fact that there was a Settlement Agreement.

Had the agreement been offered or admitted it would still not support the judgment because there was no evidence admitted regarding the contingency.

Appellant cites no legal authority, nor does he include record references. Appellant therefore presents nothing for this Court's review, and we conclude that appellant has waived any error in the trial court's judgment. *See Little-Tex.*, 39 S.W.3d at 598 n.1; *Plummer*, 93 S.W.3d at 931; *Kang*, 992 S.W.2d at 503.

In a single cross-point, appellee requests this Court to find that appellant's appeal is frivolous and to award damages in the amount of $9,500 in attorney's fees. *See* Tex. R. App. P. 45. Rule 45 of the rules of appellate procedure permits an appellate court to award a prevailing party "just damages" for "frivolous" appeals. *Id.*; *Smith v. Brown*, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). In determining whether an appeal is frivolous, we apply an objective test. *Smith*, 51 S.W.3d at 381. We review the record from the viewpoint of the advocate and ask whether the advocate had reasonable grounds to believe the judgment could be reversed. *Id.* We exercise caution and prudence and deliberate most carefully before awarding

appellate sanctions. *Id.* Although we have noted various deficiencies on the part of appellant, we decline to find that the appeal was frivolous, and we deny appellee's request for sanctions. *See* Tex. R. App. P. 45; *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (declining to award Rule 45 damages although finding that husband's appeal lacked merit).

Having concluded that appellant has failed to preserve any alleged error in the trial court's judgment or, in the alternative, has waived his claims through inadequate briefing, we affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   November 3, 2009

4