**Affirmed and Opinion Filed April 15, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00947-CV

## IN THE INTEREST OF I.A.S., A CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-18822**

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Francis

This is an appeal in a divorce case between appellant Donald G. Skipper and appellee Lisa Martensen. In eleven issues, appellant, representing himself on appeal, complains about the trial court's division of property and debt and the provisions for child support. For reasons set out below, we affirm the final decree of divorce.

The couple married in November 2003. Seven years later, appellee petitioned for divorce and appellant counter-petitioned. Following a bench trial, the trial court granted the divorce, divided the marital estate, and made orders for the conservatorship and support of the couple's only child, I.A.S. Appellant appealed.

With respect to the division of property, appellant argues the trial court denied him discovery of material information, inequitably divided the parties' assets, incorrectly calculated the community debt, denied him reimbursement, improperly characterized the marital residence as community property, and generally denied him due process. As to the support orders, he

contends the trial court erred by (1) ordering him to pay half of his child's private school tuition and after-school care and (2) reducing an arrearage on those items to judgment.

Before turning to the issues raised in appellant's brief, we first consider the brief itself and which issues, if any, have been adequately addressed. After appellant filed his original brief, this Court notified him that it did not comply with Texas Rule of Appellate Procedure 38 for multiple reasons. Those reasons included that the statement of facts was not supported by record references; there was not a succinct, clear and accurate statement of the argument made in the body of the brief; and the argument was not supported by appropriate citations to authorities and citations to the record. *See* TEX. R. APP. P. 38.1(g), (h), (i). Appellant filed an amended brief. It is the amended brief that we now consider.

We hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam). To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Therefore, we will not make allowances or apply different standards because a case is presented by a litigant acting without the advice of counsel. *Martinez v. El Paso County,* 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). We do, however, construe the issues raised in appellant's brief liberally. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.).

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* Tex. R. App. P. 38.1.; *Bullock v. Am. Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied). Rule 38 provides that a brief to this Court shall contain, among other things, a concise non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with

appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1; *see also Kang v. Hyundai Corp. (U.S.A.),* 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no pet.). Bare assertions of error without citations to the record or authority are insufficient to preserve error for our review. *Washington*, 362 S.W.3d at 854. An appendix is not a substitute for a clerk's record or reporter's record nor are citations to the appendix a substitution for citations to the record. *In re L.M.M.*, No. 05-07-00789-CV, 2008 WL 2454680, at *1 (Tex. App.—Dallas June 19, 2008, pet. denied) (mem. op.).

The appellant bears the burden of discussing his assertions of error. *Bullock*, 360 S.W.3d at 665. An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. *Id.* Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Martinez*, 218 S.W.3d at 844.

In his amended brief, appellant has failed to provide any legal authority to support issues three, four, five, seven, eight, ten, and eleven. Moreover, many of these issues contain either no citations to the record or citations to appellant's appendix to his brief. Given appellant's failure to provide legal authority, record citations, or both, we conclude these issues are inadequately briefed and are therefore waived. *See Washington*, 362 S.W.3d at 854–55.

In his first issue, appellant asserts he was denied discovery that is material to his case. Specifically, he contends he requested "full disclosure of all community assets and an accounting of community businesses controlled" by appellee, but because of the trial court's "indifference" to his requests, he could not offer such evidence as trial. To support his assertion, he directs this Court to his testimony at trial that he did not receive all of the information requested.

If a party is not satisfied with an opposing party's discovery objections or responses to discovery inquiries, that party may move the trial court to compel discovery. *See* TEX. R. CIV. P.

215.1. To preserve error on a discovery dispute, the appealing party must obtain a ruling by the trial court on the discovery issue. *U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.); TEX. R. APP. P. 33.1.

Here, appellant does not direct us to any request for discovery, any motion in which he sought to compel the discovery, or any order on such request. Given this failure, we conclude appellant has failed to preserve his complaint regarding discovery. We overrule the first issue.

In his second issue, appellant complains about the "[e]xtreme inequity in the distribution of community assets and liabilities." As support, he directs us to a chart in his brief that cites to the appendix to his brief. As legal authority, he relies solely on Texas Rule of Civil Procedure 1, which outlines the objectives of the rules of civil procedure. He does not provide any analysis of the evidence presented at the trial or analyze that evidence within the context of any relevant law. Accordingly, we conclude this issue is inadequately briefed. We overrule the second issue.

In his sixth issue, appellant argues the trial court erred in reducing to judgment arrearages for previously ordered private school tuition and afterschool care for his daughter and ordering him to pay half of those costs in the future, despite his testimony that he had been "unemployed and/or without income since December 2011 and without financial resources."

We have reviewed the final decree of divorce in this case and it contains no provision for future payment of private school tuition and afterschool care; therefore, this issue is without merit.[1] With respect to his complaint the trial court erred in reducing to judgment the arrearages for previously ordered tuition and afterschool care, we conclude appellant has failed to analyze this issue within the context of any relevant law. Accordingly, we conclude it is waived.

---

[1] The record shows that following the bench trial, the family court orally announced its intention to order appellant to continue paying one-half of I.A.S.'s private school tuition, afterschool care, and school uniforms. The final written decree, however, contains no such orders.

His ninth issue complains the trial court erred by not requiring appellee to reimburse the community estate for her premarital debts. This entire issue is briefed in three sentences and relies solely on a reference to section 3.201 of the family code, which addresses spousal liability. As evidentiary support, he directs us to his testimony in which he estimated appellee had debt of $45,000 prior to the marriage and that she had $17,300 in debt shortly after filing for divorce; a pre-marital debt summary, created by him; an American Express billing statement for appellee for the period of October 1, 2003 to October 31, 2003, showing a balance of $16,304.37; and a daily account summary for a brokerage account for D. Skipper in January 2006.

The party claiming a right of reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursable. *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982). Here, appellant makes no argument as to how this evidence fits together and does not trace community funds used to pay appellee's premarital debts. Given this failure, we conclude he has not shown error. We overrule the ninth issue.

We affirm the trial court's final decree of divorce.

130947F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF I.A.S.,
A CHILD

No. 05-13-00947-CV

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-10-18822.
Opinion delivered by Justice Francis;
Justices Moseley and Lang participating.

In accordance with this Court's opinion of this date, the trial court's final decree of divorce is **AFFIRMED**.

It is **ORDERED** that appellee LISA MARTENSEN recover her costs of this appeal from appellant  DONALD G. SKIPPER.

Judgment entered April 15, 2014

/Molly Francis/

MOLLY FRANCIS
JUSTICE