**Affirmed and Opinion Filed March 17, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01594-CV

### JAIME (JAMES) ROA, Appellant
### V.
### CITY OF DENISON, TEXAS, Appellee

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-13-1732**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Jaime (James) Roa sued the City of Denison after it ordered demolition of a building he owned. The City filed a plea to the jurisdiction seeking dismissal of the lawsuit because, among other things, appellant failed to file a petition for writ of certiorari as required by statute. The trial court granted the plea, and this appeal followed.

After appellant filed his brief, this Court notified him by letter that the brief did not satisfy the requirements of rule 38 of the Texas Rules of Appellate Procedure. Among other things, we noted the brief failed to provide record references in the statement of the case, the statement of facts, and the argument and failed to provide citations to authorities in the argument. Appellant was given time to cure the deficiencies and thereafter filed an amended brief, which is now before the Court.

Although we liberally construe pro se pleadings and briefs, a pro se litigant is required to follow the same rules and laws as litigants represented by a licensed attorney. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied). Otherwise, a pro se litigant would have an unfair advantage over litigants represented by counsel. *Mansfield State Bank,* 573 S.W.2d at 184–85 *Drum*, 299 S.W.3d at 364.

The Texas Rules of Appellate Procedure control the required content and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1; *Bullock v. Am. Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied). Among other things, the brief must contain (1) a statement of the case supported by record references, (2) a statement of facts supported by record references, and (3) a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(d), (g), and (i); *see also Kang v. Hyundai Corp. (USA)*, 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no pet.). We are not responsible for identifying possible trial court error, searching the record for facts that may be favorable to the party's position, or doing legal research that might support a party's position. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). An appellant's failure to cite legal authority or to provide substantive analysis of a legal issue results in waiver of a complaint. *Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

Here, appellant's amended brief lists ten issues, none of which addresses the trial court's ruling on the plea to the jurisdiction; rather, he focuses on the unfairness of the City's decision and primarily relies on documents attached as an appendix to his brief. For the most part, these documents are not part of the appellate record. It is well established that documents attached to

an appellate brief which are not part of the record may generally not be considered by the appellate court. *See Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ) (op. on reh'g). Further, an appendix is not a substitute for a clerk's record or reporter's record nor are citations to the appendix a substitute for citations to the record. *In re L.M.M.*, No. 05-07–00789-CV, 2008 WL 2454680, at *1 (Tex. App.—Dallas June 19, 2008, pet. denied) (mem. op.). And although the amended brief contains an Index of Authorities listing six cases, the "Bill of Rights and Amendments," the "Federal Trade Commission Act," and the "Excellence in Mental Health Act," none of these authorities are cited in the body of the brief. In fact, appellant has cited no legal authority or provided any substantive legal analysis for any of his issues. Because appellant's brief does not comply with the standards of rule 38, despite having an opportunity to correct the noted deficiencies, we conclude nothing is preserved for our review.

We affirm the trial court's order granting the plea to the jurisdiction.

131594F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAIME (JAMES) ROA, Appellant

No. 05-13-01594-CV          V.

CITY OF DENISON, TEXAS, Appellee

On Appeal from the 15th Judicial District Court, Grayson County, Texas
Trial Court Cause No. CV-13-1732.
Opinion delivered by Justice Francis; Justices Lang-Miers and Whitehill participating.

In accordance with this Court's opinion of this date, the trial court's order granting the City of Denison's plea to the jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee City of Denison, Texas recover its costs of this appeal from appellant Jaime (James) Roa.

Judgment entered March 17, 2015.