

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00193-CV

_____

SUSAN FLOYD, Appellant

V.

STEPHEN FLOYD, Appellee

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-686833-20

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

Appellant Susan Floyd (Wife), acting pro se, appeals from a divorce decree dissolving her marriage to appellee Stephen Floyd (Husband). Raising eighteen "objections," Wife requests that we reverse the divorce decree. We will affirm.

On February 13, 2024, Wife filed her initial brief[1] with this court. That same day, the Clerk of this Court notified Wife that her brief did not comply with the requirements of Texas Rule of Appellate Procedure 38.1 because it failed to contain "the issues presented," a "statement of facts [supported by] record references," "a summary of argument," and a "certificate of compliance with word count." *See* Tex. R. App. P. 38.1(f), (g), (h), (i)(3). The Clerk directed Wife to file an amended brief that complied with Rule 38.1 within ten days of the notice and informed Wife that her failure to do so could result in the "waiver of noncomplying points" or the "dismissal of [her] appeal." *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3, 43.2(f). On February 27, 2024,[2] Wife filed an amended brief, but this brief was still deficient.

On June 3, 2024, Husband filed his appellee's brief, asserting, among other things, that Wife's amended brief failed to comply with Texas Rule of Appellate

---

[1]Although Wife styled this filing as a "Petition for Review," we accepted it as her brief on the merits. *See Brumley v. McDuff*, 616 S.W.3d 826, 833 (Tex. 2021) (stressing that courts should acknowledge the substance of the relief sought despite the formal styling of the pleading); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it.").

[2]We granted Wife's motion for leave to file her amended brief after the deadline set in the Clerk's noncompliance notice.

Procedure 38.1.  *See* Tex. R. App. P. 38.1 (governing contents and organization of appellant's brief).  Specifically, Husband asserted that Wife's "arguments are not appellate issues" and instead "appear to be 'cut-and-paste' objections to [Husband's] proposed final [decree]";[3] that Wife failed to "support [her] 'objections' with any form of citation, legal or factual"; and that despite his best efforts, Husband was unable to address Wife's eighteen issues on the merits "because of the lack of citation to legal and factual authority."  Based on these deficiencies in Wife's brief, Husband contends that Wife has waived all of her appellate issues.  We agree.

"An appellate brief is 'meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case.'"  *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (quoting Tex. R. App. P. 38.9).  "The Texas Rules of Appellate Procedure control the required contents and organization [of] an appellant's brief."  *Id.* (citing Tex. R. App. P. 38.1).  They contain "specific requirements for briefing that require, among other things, that an appellant provide a statement of facts, which includes references to the record, and an argument that is clear and concise with appropriate citations to authorities and the record."  *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1 (Tex. App.—Houston

---

[3]Our review of the record confirmed that the "objections" set forth in Wife's appellate brief are, in fact, word-for-word regurgitations of the objections contained in the "Amended Motion to Enter [Wife's] Proposed Final Decree and Objections to [Husband's] Proposed Final Decree" that Wife filed in the trial court.

[1st Dist.] Oct. 19, 2017, no pet.) (per curiam) (mem. op.) (quoting *Lemons v. Garmond*, No. 01-15-00570-CV, 2016 WL 4701443, at *1 (Tex. App.—Houston [1st Dist.] Sept. 8, 2016, pet. denied) (per curiam) (mem. op.)); *see In re S.O.*, No. 02-23-00480-CV, 2024 WL 2066378, at *6 (Tex. App.—Fort Worth May 9, 2024, no pet.) (mem. op.); *see also* Tex. R. App. P. 38.1(g) (providing that appellant's brief's statement of facts "must be supported by record references"), (i) (providing that appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

"Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Similarly, when an appellant fails to cite the record to support an appellate issue, she waives that complaint. *See Trammell v. Frost Nat'l Bank*, No. 01-05-00216-CV, 2006 WL 3513596, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 7, 2006, no pet.) (mem. op.); *see also Roberts for Roberts v. City of Texas City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) ("[W]hen appellate issues are not supported by citation to the record, nothing is presented for an appellate court's review."). These briefing requirements apply to pro se litigants, who are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) (first citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); and then citing

4

*Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied)); *see also McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues by inadequate briefing).

In reviewing for briefing waiver, we are required to construe briefs liberally so as not to waive the right to appellate review. *In re I.J.K.*, No. 08-22-00055-CV, 2023 WL 3153645, at *4 (Tex. App.—El Paso Apr. 28, 2023, pet. denied) (mem. op.) (citing *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020)). We are reluctant to resolve cases on procedural defects and endeavor to resolve cases on the merits whenever possible. *See St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213–14 (Tex. 2020); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). Even still, "we do not and cannot assume the responsibility of doing the parties' briefing for them." *De Los Reyes v. Maris*, No. 02-21-00022-CV, 2021 WL 5227179, at *9 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.). Were we to do so, "we would be abandoning our role as judges and taking on the role of advocate." *In re J.O.A.M.*, Nos. 01-23-00691-CV, 01-23-00692-CV, 2024 WL 1169432, at *23 (Tex. App.—Houston [1st Dist.] Mar. 19, 2024, no pet.) (mem. op.) (citing *Valadez*, 238 S.W.3d at 845); *see Roberts for Roberts*, 2021 WL 5702464, at *2 (recognizing that "an appellate court has no duty—or even right—to perform an independent review of the record to determine whether there was error"); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) ("We are not responsible for

5

searching the record for facts that may be favorable to a party's position . . . [or] for doing the legal research that might support a party's contentions.").

Although Wife was given an opportunity to comply with the Texas Rules of Appellate Procedure, she failed to do so. *See Holz v. United States of Am. Corp.*, No. 05-13-01241-CV, 2014 WL 6555024, at *1–2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.) (concluding that appellant had waived his appellate complaint by failing to cure defects in his briefing after being given the opportunity to do so). Wife wholly failed to support her appellate arguments with citations to authorities or to the record. *See* Tex. R. App. P. 38.1(i). Indeed, Wife's entire brief contains only four citations to the record,[4] all of which appear in unnumbered footnotes in the brief's "Statement of the Case" section. Wife makes no attempt to connect these record citations to her appellate "objections," much less to show how, if at all, they support her contentions. *See id.* Similarly, although Wife's brief contains an index of authorities listing three cases and several statutes, none of these authorities are cited or referenced anywhere

---

[4]Wife's index of authorities includes an unnumbered footnote indicating where one of her listed cases, *Pettus v. Pettus*, 237 S.W.3d 405 (Tex. App.—Fort Worth 2007, pet. denied), was referenced during argument before the trial court. But Wife fails to explain how *Pettus*, which her trial counsel cited for the proposition that temporary orders remain in effect until a final order is signed, supports—or even relates to—any of the contentions she makes on appeal. *See* Tex. R. App. P. 38.1(i). Further, although Wife's "objections" reference pages and sections of Husband's proposed divorce decree, these references do not contain citations to the clerk's record.

else in her brief.[5] Nor does Wife provide any substantive analysis showing how these authorities support any of her appellate arguments. *See id.*; *see also Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("Failure to cite applicable authority or provide substantive analysis waives an issue on appeal." (citing *Kang v. Hyundai Corp. (U.S.A.)*, 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no pet.))); *Bus. Prod. Supply v. Marlin Leasing Corp.*, No. 13-11-00371-CV, 2013 WL 7141350, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 29, 2013, pet. denied) (mem. op.) (concluding that appellant had inadequately briefed—and therefore waived—an issue because it had "failed to apply the law to the facts of the case in a substantive analysis that demonstrate[d] that the trial court [had] erred").

Because Wife's brief does not comply with the Texas Rules of Appellate Procedure, we hold that she has waived any potential appellate issues. *See Bailey v. Michaelis*, No. 02-22-00024-CV, 2023 WL 2325503, at *2 (Tex. App.—Fort Worth Mar. 2, 2023, no pet.) (mem. op.) (holding that appellant had waived any potential appellate issues because his "brief [did] not concisely—or clearly—state the issues presented for review and [did] not contain a clear argument for his contentions with appropriate citations to legal authorities and to the record"); *Reid v. Worede*,

---

[5]Wife filed a "Motion for Amendment or Supplication [sic] into the Case" seeking to "add" a case, *Rodriguez v. Cortez*, No. 02-23-00004-CV, 2023 WL 4780577 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op.), to her brief. Even though *Rodriguez* was already listed in Wife's index of authorities, we granted her motion in part and allowed her to "add" this case to her brief. But her motion contains no substantive analysis and fails to show how *Rodriguez* supports any of her appellate arguments.

No. 01-18-01010-CV, 2020 WL 3393074, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2020, no pet.) (mem. op.) (holding that appellant had "waived all claims of error" because she did not comply with Texas Rule of Appellate Procedure 38.1); *Walker v. Davison*, No. 01-18-00431-CV, 2019 WL 922184, at *3 (Tex. App.—Houston [1st Dist.] Feb. 26, 2019, no pet.) (mem. op.) (holding that appellant's issues were waived because his brief did not contain any legal authorities or citations to the record in support of his contentions); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issues on appeal). We thus overrule Wife's challenges to the trial court's decree.

Having overruled Wife's challenges, we affirm the trial court's decree.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: August 8, 2024

8